**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

ROBBIE L. FREEMAN                                                              PLAINTIFF

V.                                                                  NO. 4:23-CV-139-DMB-JMV

DELTA HEALTH CENTER, INC.;
JOHN A. FAIRMAN individually and
in his official capacity; RONSHEKA
PALMER; and NEUAVISKA STIDHUM                                        DEFENDANTS

## OPINION AND ORDER

Robbie L. Freeman claims that her termination as a dental manager for Delta Health Center, Inc., resulted from sex discrimination and retaliation by Delta Health CEO John A. Fairman and her former supervisors Ronsheka Palmer and Neuaviska Stidhum, in violation of Title VII. Delta Health, Fairman, and Stidhum move to dismiss Freeman's claims, contending the claims fail to state a claim upon which relief can be granted. Freeman moves for Rule 60(b) relief from this Court's order striking her response to the motion to dismiss as untimely. Because Freeman incorrectly determined her response deadline, her Rule 60(b) motion will be denied. And because Freeman fails to state a claim upon which relief can be granted, the motion to dismiss will be granted but Freeman will be allowed the chance to seek leave to amend her retaliation claim.

**I**
**Procedural History**

On April 13, 2023, Robbie L. Freeman filed a complaint in the Circuit Court of Bolivar County, Mississippi, against Delta Health Center, Inc.; John A. Fairman, individually and in his official capacity; Ronsheka Palmer; and Neuaviska Stidhum, following the termination of her employment as a Delta Health dental manager. Doc. #2. In her complaint, Freeman asserts "a

cause of action for discrimination as set forth in Title VII" based on allegations that the "Defendants discriminated against [her] by creating and allowing a hostile work environment because of [her] gender."[1] *Id.* at 3. Invoking federal question jurisdiction, Delta Health, Fairman, and Stidhum removed the case to the United States District Court for the Northern District of Mississippi on July 27, 2023. Doc. #1.

On September 11, 2023, Delta Health, Fairman, and Stidhum jointly filed a motion to dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6),[2] attaching to the motion ten exhibits, including the Charge of Discrimination Freeman filed with the Equal Employment Opportunity Commission on January 5, 2023.[3] Docs. #7, #7-1. Though the Court granted Freeman's request to extend until October 22, 2023, her deadline to respond to the motion to dismiss, Freeman did not file her response until October 23, 2023. Docs. #12, #18. A week later, the defendants moved for leave to reply to Freeman's October 23 response. Doc. #20. On November 27, 2023, the Court struck Freeman's response as untimely and denied the defendants' motion for leave to reply.[4] Doc. #23.

On December 15, 2023, Freeman filed a motion pursuant to Federal Rule of Civil

---

[1] Freeman seeks "Actual damages," "Punitive damages," "Mental anguish damages," "Pre-judgment and post-judgment interest," "Reasonable attorney's fees and costs of court," and "Such other and further relief, both general and special, at law and in equity, to which [she] is justly entitled." Doc. #2 at 4.

[2] The Clerk of the Court noted "Incomplete Service of Process" as to Palmer on September 7, 2023, October 10, 2023, and November 15, 2023. In their memorandum in support of the motion to dismiss, the defendants represent that "Palmer passed away on August 1, 2022, as a result of a car accident, and therefore, cannot be served and is not appearing as a party in this litigation." Doc. #8 at 1 n.1. Palmer's death not only precluded her from being served but also means she is unable to consent to removal. The Court's reference to "the defendants" includes only those defendants who have appeared and/or were served.

[3] The defendants initially filed a motion to dismiss on September 8, 2023, but the Clerk of the Court terminated it and directed the defendants to refile it in accordance with Local Rules 7(b)(2) and 7(b)(4), and Administrative Procedures Section 3(A)(8).

[4] The Court denied the defendants' motion for leave to reply "[b]ecause the Moving Defendants are not required to seek leave to reply to a response to a motion—even if the response is untimely filed—and because their motion for leave fails to comply with the Local Rules." Doc. #23 at 2.

Procedure 60(b) requesting relief from the Court's November 27 order striking her response, representing that the defendants do not oppose the relief requested. Doc. #26 at PageID 320. The defendants did not respond to Freeman's Rule 60(b) motion.

## II
## Standards

### A. Rule 60(b)

Federal Rule of Civil Procedure Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," among other reasons, "mistake, inadvertence, surprise, or excusable neglect." "Whether to grant or deny Rule 60(b) relief is within the sound discretion of the district court." *Webb v. Davis*, 940 F.3d 892, 898 (5th Cir. 2019).

### B. Rule 12(b)(6)

To survive dismissal under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A party's "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint." *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). However, the Court does not accept as true "conclusory allegations,

unwarranted factual inferences, or legal conclusions." *Id.* (citations omitted). In ruling on a 12(b)(6) motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (citation omitted).

## III
## Rule 60(b) Motion

In requesting Rule 60(b) relief from the order which struck as untimely her October 23 response to the motion to dismiss, Freeman argues that because her October 22 deadline to respond to the motion to dismiss "fell on a Sunday, she had until the next day, October 23, 2023, to file her response," so "the Court made a mistake in calculating her [response] deadline." Doc. #27 at Page ID 327. "[S]hould the Court deny [her] relief based on the ground of mistake," Freeman requests relief "on the ground of excusable neglect as [she] was diligent in computing her deadline in accordance with FRCP Rule 6(a)(1)(C) and did in fact believe her interpretation of the computation rule was true and correct." *Id.* at PageID 328.

### A. Rule 6(a)(1)(C)

Federal Rule of Civil Procedure 6(a)(1)(C) provides that when computing and extending time in any local or court order or in any statute that does not specify a method of computing time, "[w]hen the period is stated in days or a longer unit of time, … include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." However, the Advisory Committee Notes to the 2009 Amendment to Rule 6 provide that "the time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a

4

fixed time to act is set."

The Court granted Freeman's specific request to extend her response deadline to October 22, 2023—a fixed time to act. Because a "deadline remain[s] the date certain requested … and ordered by [the] Court, … regardless of whether that date was a weekend or holiday," *Inprocessout, LLC v. World Tech Toys, Inc.*, No. 18-ca-0869, 2019 WL 6048020, at *2 (W.D. Tex. June 14, 2019), Rule 6(a)(1)(C) did not apply to Freeman's October 22 response deadline. *See Gaudet v. L. Nations, APC*, No. 19-10356, 2021 WL 2446203, at *4 (E.D. La. June 15, 2021) (Rule 6(a) "does not apply when the Court sets a date certain"). And because "[a] 'mistake' under Rule 60(b)(1)" requires the alleged error "be a 'fundamental misconception of the law,'" *Acadian Diagnostics Labs., LLC v. Quality Toxicology, LLC*, 965 F.3d 404, 414 (5th Cir. 2020) (quoting *Webb*, 940 F.3d at 899), there is no basis for relief under Rule 6(a)(1)(C) here as the Court did not misconstrue Rule 6(a)(1)(C) in applying the October 22 deadline to Freeman's response.

### B. Rule 6(b)(1)(B)

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." A determination of whether a party has shown excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 395 (1993)). Factors to consider "include … the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (cleaned up). "Even if good cause and excusable neglect are

5

shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015) (quoting *McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010)).

The only argument Freeman makes with respect to excusable neglect is that she "was diligent in computing her deadline in accordance with FRCP Rule 6(a)(1)(C) and did in fact believe her interpretation of the computation rule was true and correct." Doc. #27 at PageID 328. As explained above, Rule 6(a)(1)(C) does not apply to a date certain deadline. And the Fifth Circuit has held that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Netsch v. Sherman*, 666 F. App'x 355, 357 (5th Cir. 2016) (quoting *Pioneer*, 507 U.S. at 392). So Freeman's arguments that she was diligent in calculating her deadline and believed her interpretation of the federal rules was correct are insufficient to establish excusable neglect. Even assuming there would be no prejudice to the defendants since they did not oppose Freeman's Rule 60(b) motion, the mere lack of prejudice is not sufficient to demonstrate excusable neglect. *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998) ("The word excusable would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm.") (cleaned up). Considering the excusable neglect factors and that Freeman herself requested the October 22 deadline, the Court declines to grant Freeman relief from the November 27 order.

### C. Summary

For the reasons explained above, Freeman's Rule 60(b) motion is denied.

## IV
## <u>Motion to Dismiss</u>

The defendants assert Freeman's claims should be dismissed with prejudice because (1)

"Fairman and Stidhum … were not [Freeman's] 'employers' … as defined by Title VII;" (2) Freeman "fail[ed] to exhaust administrative remedies" as to her "claims of sexual harassment or discrimination against Delta [Health];" and (3) Freeman's "Title VII claim of retaliation against [Delta Health] … fails to allege facts that state a claim upon which relief can be granted."[5]  Doc. #7 at 1.

## A.  Factual Allegations

On or about March 14, 2022, Robbie L. Freeman began working as a dental manager for Delta Health Center, Inc., in Mound Bayou, Mississippi.  Doc. #2 at 2, 3.  Ronsheka Palmer and Neuaviska Stidhum were Freeman's supervisors.  *Id.* at 2.  When Freeman worked at Delta Health, John A. Fairman was Chief Executive Officer,[6] Palmer was Chief of Operations, and Stidhum was Assistant Chief of Operations.  *Id.* at 2.  The "Defendants continuously and consistently made improper and lewd sexual comments and remarks both to and about [Freeman]."  *Id.*  They also "allowed [Freeman's] subordinates to defy her directives constantly, refused to intervene after [her] urging, and yelled at and berated [her] for not performing tasks she had not been trained to do."  *Id.*  Freeman "complained to … Stidhum verbally, and … Stidhum advised her that 'it didn't

---

[5] In a footnote in their memorandum brief, the defendants argue that because Freeman's "Complaint was filed on April 13, 2023, which was 91 days following the issuance of the Determination and Notice of Rights, … [i]t is untimely on its face, which is an independent basis for dismissal."  Doc. #8 at 5 n.3.  The defendants do not mention this specific ground for dismissal in their motion to dismiss though they generally move to dismiss "for the reasons more fully stated in the attached Memorandum in Support."  Doc. #7 at 1.  Regardless, while "Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is *received*," Freeman "fail[s] to state a specific date on which [s]he *received* the right-to-sue letter," only the date it was issued.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (emphases added).  Where the receipt date of an EEOC right-to-sue letter is "not known," the Fifth Circuit has held that "courts should apply a presumption that the plaintiff received the notice in three days" pursuant to Federal Rule of Civil Procedure 6.  *Jenkins v. San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015).  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), … 3 days are added after the period would otherwise expire under Rule 6(a)."  Although Freeman filed her complaint on April 13, 2023—ninety-one days after the January 12, 2023, issuance date of the EEOC's right-to-sue letter to her, Doc. #2 at Ex. A.—the Court considers the complaint timely since Freeman filed the complaint within ninety-three days of the letter's issuance.

[6] Based on the complaint, Fairman was still Delta Health's CEO as of the date the complaint was filed.  *Id.* at 2.

7

help how she was walking around there looking and made up.'" *Id.* at 2–3.

After Stidhum indicated that Freeman was being harassed due to her physique and attractive appearance, Freeman complained and wrote letters to Palmer and Fairman seeking resolution. *Id.* at 3. In response, Fairman asked Freeman to ride with him in his vehicle from Delta Health's premises in Mound Bayou to Cleveland, where he took Freeman to his home to show her his pool. *Id.* After leaving his house, Fairman took Freeman to 8-West Restaurant in Cleveland and over lunch explained to Freeman that the reason Palmer "was treating her so poorly was because [Freeman] was 'more fine that [sic] her.'" *Id.*

Freeman worked at Delta Health for five months before she was fired "after complaining to her supervisors, CEO and HR." *Id.* Freeman filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* The EEOC issued a Determination and Notice of Rights letter to Freeman on January 12, 2023. *Id.* & Ex. A.[7] Freeman initiated this civil action on April 13, 2023. *Id.* at 1.

### B. Claims Against Fairman and Stidhum

The defendants argue that because "Fairman is being sued as Delta [Health's] Chief Executive Officer, and Stidhum is being sued as Delta [Health's] Assistant Chief of Operations," "the jurisprudence is clear that they are not considered [Freeman's] employer for purposes of Title VII litigation" and the claims against them must be dismissed. Doc. #8 at 6.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer … to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

---

[7] The Determination and Notice of Rights letter is properly considered because Freeman attached it to her complaint and incorporated it by reference. Doc. #2 at 3 & Ex. A; *Serrano*, 975 F.3d at 496.

national origin." 42 U.S.C. § 2000(e)-2(a)(1). Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." *Id.* at § 2000(e)(b). The Fifth Circuit has made clear that Title VII claims are properly dismissed when brought against supervisors or fellow employers as Title VII relief "is only available against an employer." *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012). And "a CEO cannot be held liable in his individual capacity for a violation of Title VII." *Vincent v. Coates*, No. 3:02-cv-1977, 2004 WL 1787838, at *3 (N.D. Tex. Jul. 2, 2004). "While Title VII's definition of the term employer includes 'any agent' of an employer, Congress's purpose was merely to import *respondeat superior* liability into Title VII" so "a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity." *Smith v. Amedisys Inc.*, 298 F.3d 434, 448, 449 (5th Cir. 2002).

Freeman alleges that Fairman is the CEO of Delta Health and its "registered agent" and explicitly brings claims against Fairman in both his individual and official capacities. Doc. #2 at 1–2. But because a CEO cannot be held liable in his individual capacity and because a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity, the claims against Fairman in both his individual and official capacities will be dismissed.

Freeman alleges that Stidhum is the Assistant Chief of Operations and her former supervisor, Doc. #2 at 1–2; however, it is not clear whether Freeman brings claims against Stidhum in both her individual and official capacities. Regardless, because Freeman alleges Stidhum is her supervisor, Stidhum is not considered a Title VII employer and any claim against her is properly dismissed. For these reasons, all claims against Stidhum will be dismissed too.

### C. Title VII Sex Discrimination Claim

The defendants argue that Freeman's Title VII sex discrimination claim should be dismissed for failure to exhaust because (1) her EEOC "Charge of Discrimination lists the discrimination is based on 'retaliation;'" and (2) "the 'particulars' of the charge never even identify what protected class that [Freeman] seeks recovery through Title VII" and do not "identify any facts that suggest [Freeman] was subject to sexual harassment or discrimination." Doc. #8 at 9. They further argue that "[w]hile [Freeman] added some new, conclusory allegations about unspecified, regular lewd comments to her and about her in the workplace in her Complaint …, those are not relevant to the inquiry of whether or not she has exhausted administrative remedies." *Id.* at 10.

"To bring suit under Title VII, … a complainant must file a charge of discrimination with the EEOC to exhaust [her] administrative remedies." *Melgar v. T.B. Butler Pbl'g Co.*, 931 F.3d 375, 378 (5th Cir. 2019). "The scope of an EEOC complaint should be construed liberally" so the Fifth Circuit interprets what charges are "properly embraced in review of a Title VII claim … by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). "[T]he crucial element of a charge of discrimination is the factual statement contained therein," *Clayton v. Rumsfeld*, 106 F. App'x 268, 271 (5th Cir. 2004); and "the proper question is whether the charge has stated sufficient facts to trigger an EEOC investigation and to put an employer on notice of the existence and nature of the charges against him," *Simmons-Myers v. Caesars Entm't. Corp.*, 515 F. App'x 269, 272 (5th Cir. 2013) (internal citation omitted). A failure to reference a claim in the charge or allege any facts that would put the EEOC on notice to investigate will nullify that claim. *Pacheco*, 448 F.3d at 792.

In the "Discrimination Based On" section of her EEOC charge,[8] Freeman lists "Retaliation" only. Doc. #7-1 at PageID 146. In "The Particulars Are" section of her EEOC charge, Freeman states in full:

> I was hired by the above employer on March 14, 2022, as a Dental Manager, at $60,000/year. On July 28, 2022, I was discharged allegedly for not being a good fit for the organization. I supervised a coworker that was always insubordinate. I was told by Chief Operations Manager Ronsheka Palmer and Assistant Chief Operations Manager Neuaviska Stiddhum to assign pre-authorizations to this coworker until I get some training on how to do them. The coworker told me that she wasn't going to do them, and I reported it back to both supervisors. The coworker also told Ms. Stiddhum that she wasn't going to do them because it was my job. In May 2022, I wrote a letter to CEO John Fairman and HR Myrtis Small saying it's obvious Ms. Palmer doesn't want me here and the way I've been treated in a hostile environment. On May 9, 2022, I sent CEO John Fairman a text saying that my coworker hasn't been suspended and she had been insubordinate again after being told by Mr. Fairman that if it happened again, she will be suspended. My coworker did get suspended twice for not doing the pre-authorizations and for continuing to be insubordinate. In early June 2022, Ms. Stiddhum stated to me, "The way you be around here looking, the way you carry yourself and made up (my shape) is not helping you any." The supervisors wanted me to write up other coworkers who were doing their job and I didn't because it would've been unfair, and they weren't insubordinate. Both supervisors were told not to sign my coworker's leave forms because I was her immediate supervisor, but they did it anyway. Ms. Stiddhum called me crazy, messy, want people to bow down to you, etc. I believe I have been retaliated and discriminated against in violation of Title VII of the Civil Right Act of 1964, as amended.

*Id*. at PageID 146–47.[9]

Discrimination and retaliation claims are distinct, and a plaintiff "must exhaust [her] administrative remedies on [both claims] before seeking review in federal court." *Randel v. U.S. Dep't. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998); *see Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917, 921 (5th Cir. 2009) ("Bouvier's failure to reference retaliation in the EEO

---

[8] Freeman did not attach the EEOC Charge of Discrimination to her complaint but it is properly considered because the defendants attached it to their motion to dismiss. Doc. #7-1; *Serrano*, 975 F.3d at 496.

[9] Throughout her EEOC charge, Freeman spells Stidhum's name differently than the spelling used in her complaint. *Compare* Doc. #7-1 *with* Doc. #2.

charge defeats her retaliation claim.").  In cases where the EEOC charge did not sufficiently contain facts to trigger an investigation into a Title VII claim alleged in the complaint, the Fifth Circuit has found that the plaintiff failed to exhaust administrative remedies for such claim because the EEOC charge was insufficient "to put an employer on notice of the existence and nature of [the] charge against him." *Simmons-Myers*, 515 F. App'x at 272; *see Kretchmer v. Eveden, Inc.*, 374 F. App'x 493, 495 (5th Cir. 2010) (EEOC charge insufficient to put defendants on notice of sex discrimination claim where plaintiff only checked boxes for age and retaliation discrimination and EEOC charge's factual allegations did not mention sex discrimination); *Garrett v. Judson Indep. Sch. Dist.*, 299 F. App'x 337, 344 n.7 (5th Cir. 2008) (EEOC investigation did not reasonably encompass age discrimination claim where EEOC charge alleged only race and sex discrimination and retaliation).

Freeman's factual allegations in her EEOC charge are insufficient to put Delta Health on notice of a sex discrimination charge against it.  While Freeman explicitly alleges a retaliation claim in her EEOC charge, she never states that she was discriminated against or harassed based on her gender or sex, only that her supervisor at one point made a comment about her appearance. *See* Doc. #7-1.  Consequently, Freeman has not exhausted her administrative remedies as to her Title VII sex discrimination claim and such claim will be dismissed for that reason. *See Mack v. John L. Wortham & Sons, L.P.*, 541 F. App'x 348, 358 (5th Cir. 2013) ("failure to allege sex discrimination in an EEOC charge properly results in dismissal of a subsequent complaint for lack of exhaustion").

### D.  Title VII Retaliation Claim

The defendants argue that Freeman "[f]ailed to state a claim upon [which] relief can be granted for Title VII retaliation" because her "allegations do not suggest she opposed a practice

12

made unlawful by Title VII on the basis of sex or any other protected characteristic." Doc. #8 at 12.

"Where a plaintiff presents only circumstantial evidence of retaliation, as is the case here, the McDonnell Douglas framework guides [the] analysis." *Wilson v. Delta State Univ.*, 143 F. App'x 611, 612 (5th Cir. 2005). Under such framework, Freeman first must establish a prima facie case of retaliation, which means she must sufficiently allege that she "(1) … engaged in an activity protected by Title VII; (2) … experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action." *Id.* at 613.

### 1. Protected activity

The defendants argue that "[n]one of [Freeman's] allegations relate any facts that would suggest she was treated differently or harassed because of her sex; that she could have a reasonable belief that any action complained about occurred because of her sex; or that she ever complained of harassment or discrimination [on] the basis of her sex." Doc. #8 at 12.

A protected activity under Title VII is the "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Brackens v. Stericycle, Inc.*, 829 F. App'x 17, 20 (5th Cir. 2020) (quoting *Ackel v. Nat'l Communs., Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)). Because Freeman filed her EEOC charge *after* her employment was terminated, the question becomes whether Freeman properly alleges facts sufficient to show she opposed an employment practice that "she 'reasonably believed' … was unlawful under Title VII." *Cuellar v. Southwest Gen. Emergency Physicians, PLLC*, 656 F. App'x 707, 709 (5th Cir. 2016). The Fifth Circuit has "emphasized the importance of the 'severity' and 'frequency' of the alleged conduct." *Taliaferro*

13

*v. Lone Star Implementation & Elec. Corp.*, 693 F. App'x 307, 310 (5th Cir. 2017) (quoting *Satterwhite v. City of Hous.*, 602 F. App'x 585, 588 (5th Cir. 2015)). But the Fifth Circuit "has consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015).

Viewing the complaint in the light most favorable to Freeman, Freeman's alleged opposition to an unlawful employment action was when she "complained and wrote letters to" Palmer and Fairman after Stidhum commented on her appearance. Doc. #2 at 3. Thus, Freeman must allege facts sufficient to support an objectively reasonable belief by her that Stidhum's statement, "it didn't help how [she] was walking around there looking and made up," was unlawful under Title VII.

Beyond the conclusory allegations that the "[d]efendants continuously and consistently made improper and lewd sexual comments and remarks … to … [her]," Freeman only alleges Stidhum's one, seemingly isolated statement as an example of such "sexual comments." Doc. #2 at 2–3. The Fifth Circuit has found that a single, isolated comment is often insufficient to establish a reasonable belief of a Title VII violation. *See Taliaferro*, 693 at 310 (finding statement, "A female employee complained that two male co-workers had laughed when reading a job application file, which noted that the applicant had once told a co-worker, 'I hear making love to you is like making love to the Grand Canyon,'" to be a single interaction insufficient to meet the reasonable belief standard); *Satterwhite*, 602 F. App'x at 586 (co-worker saying "Heil Hitler" at work did not meet reasonable belief standard because comment was "single and isolated incident" of "non-extreme" conduct); *cf. EEOC v. Rite Way Serv.*, 819 F.3d 235, 244 (5th Cir. 2016) (reasonable belief standard met based on supervisor pretending to slap plaintiff's co-worker on her

bottom, exclaiming "ooh wee," and same supervisor said, "I'm a man I'm gonna look," regarding same co-worker's "tight" pants). More, Freeman does not plead any facts that indicate Stidhum's comment was "motivated by a discriminatory intent toward women or sufficiently egregious to come close to establishing an unlawful work environment." *Kummerle v. EMJ Corp.*, 538 F. App'x 373, 374 (5th Cir. 2013). "The reasonableness of [Freeman's] belief is further undermined," *id.*, by Freeman alleging that she first complained to Stidhum that the work environment was hostile because "the defendants allowed [her] subordinates to defy her directives constantly, refused to intervene after [her] urging, and yelled at and berated [her] for not performing tasks she had not been trained to do," Doc. #2 at 2, not because of any actions relating to sex discrimination. And while Freeman also alleges Fairman said that "the reason … Palmer was treating her so poorly was because [Freeman] was 'more fine that [sic] her,'" Doc. #2 at 3, it is not clear from the complaint that Freeman subsequently complained to someone at Delta Health about the comment. For these reasons, Freeman does not allege facts sufficient to support a reasonable person finding Stidhum's single comment violated Title VII's standard. Because Freeman fails to sufficiently allege the protected activity prong of her retaliation claim, her Title VII retaliation claim will be dismissed.

### 2. Adverse Action and Causal Link

Because Freeman fails to sufficiently allege the protected activity prong of her retaliation claim, the Court declines to address whether Freeman sufficiently alleged the other retaliation claim elements.

### E. Leave to Amend

The defendants ask the Court to dismiss the complaint with prejudice. Doc. #7 at 1. Regarding the claims against Fairman and Stidhum, the Court will grant the request because the

defects in the complaint as to them are incurable since, as discussed above, Title VII does not allow claims to be brought against non-employers. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable."). The Court will also grant the defendants' request to dismiss the Title VII sex discrimination claims with prejudice.[10]

However, because it is (1) not clear the defects in the complaint are incurable as to Freeman's Title VII retaliation claim, (2) Freeman has not previously amended her complaint, and (3) Freeman has not indicated she is unwilling or unable to amend her complaint, Freeman's complaint will be dismissed without prejudice as to her Title VII retaliation claim against Delta Health, and Freeman will be given the opportunity to seek leave to amend. *See Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (cleaned up) (court "should provide at least one opportunity to cure pleading deficiencies …, unless it is clear that the plaintiffs advise the court that they are unwilling or unable to amend in a manner that would avoid dismissal").

**V**
**Conclusion**

Freeman's Rule 60(b) motion [26] is **DENIED**. The defendants' motion to dismiss [7] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks to dismiss the claims against Stidhum and Fairman with prejudice, the Title VII sex discrimination claims with prejudice, and the retaliation claim. It is DENIED in all other respects, including to the extent it seeks dismissal with prejudice on the Title VII retaliation claim. Within fourteen (14) days of the

---

[10] Freeman's Title VII sex discrimination claims will be dismissed with prejudice because Mississippi requires charges to be filed with the EEOC within 180 days of the alleged discriminatory conduct and it has been nearly two years since the only date Freeman asserted in her EEOC charge—July 28, 2022. Doc. #7-1. The defendants do not make this argument or expressly request dismissal with prejudice based on it. *See generally* Docs. #7, #8. However, in the interest of judicial efficiency, dismissal with prejudice should result.

entry of this order, Freeman may seek leave to amend her complaint with respect to the retaliation claim.[11]

      **SO ORDERED**, this 10th day of July, 2024.

                                          **/s/Debra M. Brown**
                                          **UNITED STATES DISTRICT JUDGE**

---

[11] If Freeman does not request leave to amend or if it is ultimately determined that amendment would be futile, the complaint will be dismissed with prejudice.

17